COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:         In re Andrew Preston Shannon

Appellate case numbers:     01-21-00037-CR & 01-21-00038-CR

Trial court case numbers:    17-DCR-079922 & 18-DCR-084489

Trial court:                         240th District Court of Fort Bend County

On January 20, 2021, relator, Andrew Preston Shannon, currently incarcerated in the Texas Department of Criminal Justice and proceeding pro se, filed petitions for writ of mandamus in each of the underlying trial court case numbers with this Court, asserting that the "trial court abused its discretion by denying relator's requests for bond reductions [and] ankle monitor deferral fees." On February 2, 2021, this Court dismissed relator's mandamus petitions for lack of jurisdiction, because relator has court-appointed counsel. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995) (because appellant was represented by counsel and was not entitled to hybrid representation, pro se supplemental brief presented nothing for appellate court's review).

Any motion for rehearing was due on or before February 17, 2021. *See* TEX. R. APP. P. 52.9. On February 22, 2021, relator filed a motion to extend time for filing a motion for rehearing. Relator's motion was granted, extending the deadline to file a motion for rehearing to March 17, 2021. On March 29, 2021, relator filed a second motion to extend time for filing a motion for rehearing. We granted relator's motion, extending the deadline to file a motion for rehearing to May 24, 2021. In our order granting relator's second motion for extension, we advised relator that no further extensions of time would be granted absent extraordinary circumstances.

On May 13, 2021, relator filed a third motion to extend time for filing a motion for rehearing, requesting an additional 45-day extension of time to file his motion for rehearing. However, relator's third motion for extension does not present any "extraordinary circumstances" which would warrant further extension of the deadline to file a motion for rehearing, which was originally due on February 17, 2021. Accordingly, relator's third motion to extend time for filing a motion for rehearing of this Court's February 2, 2021 opinion dismissing his petitions for writ of mandamus in appellate case

numbers 01-21-00037-CR and 01-21-00038-CR is **denied**. Any motion for rehearing must be filed by May 24, 2021.

Also on May 13, 2021, relator, proceeding pro se, filed an "Emergency Motion for Bond Reduction" and "Motion to Compel Records" in appellate case numbers 01-21-00037-CR and 01-21-00038-CR. Because we dismissed relator's petitions for writ of mandamus in appellate case numbers 01-21-00037-CR and 01-21-00038-CR for lack of jurisdiction, these motions are **dismissed as moot**.

However, even assuming these motions were not rendered moot because of our February 2, 2021 dismissal of relator's petitions for writ of mandamus, relator would not be entitled to the relief requested in the three motions discussed above which were filed on May 13, 2021 in appellate case numbers 01-21-00037-CR and 01-21-00038-CR. This is because, as noted above, relator has court-appointed counsel, and has not presented evidence that the trial court has allowed relator to proceed pro se. Accordingly, relator's May 13, 2021 motions present nothing for this Court to review. *See Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (overruling pro se motion for leave to file mandamus petition because relator was represented by appointed trial counsel and was not entitled to hybrid representation).

It is so ORDERED.


Judge's signature: _____/s/ Amparo Guerra_____
             ☑ Acting individually    ☐ Acting for the Court

Date: ___May 20, 2021___